# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal No. 02-1199 WJ

ELOY H. CASTANEDA,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PARTIAL DISMISSAL AND ORDERING SUPPLEMENTAL BRIEFING

    THIS MATTER comes before the Court upon Defendant's Motion for Return of Personal Property, filed May 25, 2005 **(Doc. 50)**; Defendant's Motion for Discovery, filed July 15, 2005 **(Doc. 53)** and Defendant's Motion for Evidentiary Hearing **(Doc. 54)**. Defendant claims that the Government failed to return certain property to him following his conviction upon a plea related to a drug charge. This property includes a wallet and small safe, miscellaneous documents, and over $9,000 in U.S. currency.

<u>Legal Standard</u>

    Defendant seeks the return of his property under Rule 41 of the Federal Rules of Civil Procedure, which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P 41(g); Clymore v. United States, 2005 WL 1649195, n.1 (10th Cir. 2005).

**I.     Wallet and small safe**

Defendant contends that upon his arrest, a federal agent seized a small safe and a wallet which belonged to him.  Plaintiff responds that these items were not taken from Defendant.  The items were photographed and left in Defendant's home at the time of the arrest.  This claim is unsupported even by the facts as Defendant alleges them, since he has absolutely no personal knowledge of their occurrence.  What Defendant actually alleges is that his mother "surveyed the inside of the defendant's home immediately after the defendant and agents left the premises and there was no wallet or small safe to be found."  Reply at 1.  Because Defendant presents only conclusory allegations regarding Plaintiff's alleged seizure of these items, that part of Defendant's motion which pertains to the safe and wallet will be denied.

**I.     Currency Forfeited**

The Government acknowledges that a sum of U.S. currency was forfeited from Defendant in the sum of $9,081.00,[1] which was the subject of administrative forfeiture proceedings by the Drug Enforcement Administration ("DEA") on September 5, 2002.  Plaintiff also notes that Defendant did not file a claim for the money during the forfeiture proceeding, which has long since concluded, and that therefore the money cannot be returned to the Defendant.

Defendant raises an issue with regard to the notice he was afforded regarding the forfeiture proceeding.  Federal district courts have jurisdiction to review whether an administrative forfeiture satisfied due process and statutory requirements.  United States v. Clark,

---

[1] Defendant contends that the amount seized from him was $9,089.00.

84 F.3d 378, 381 (citing) U.S. v. Woodall,12 F.3d 791, 793 (8th Cir.1993)).[2]

Defendant claims that he "does not believe he ever received notice of forfeiture of his funds . . . , but even if he may have received notice, he was unable to read it." Reply at 1. It is the former of these assertions which merits some attention. While the Government states that a forfeiture took place, no documentation is offered regarding either the end result of the proceedings or any notice that was given. As set forth below, the Government will be required to provide supplemental briefing regarding documentation for the notice given Defendant and the resulting forfeiture.

### III. Miscellaneous Items

Defendant states that other items were seized and used as evidence in this case: miscellaneous tax forms and documents; personal and business documents; social security card and "other items."

Plaintiff concedes that these items were taken at the time of Defendant's arrest. However, Plaintiff claims that at the end of Defendant's criminal case, a letter was sent to him in care of his mother asking if Defendant wanted the remaining property to be returned. This letter purportedly stated that Defendant could pick the items up in person, have his attorney pick them up, or designate a third person to pick them up. According to the Government, the Defendant's mother contacted the DEA agent assigned to the case and said that she did not want the remaining items.

---

[2] Due process attacks on forfeiture proceedings may be pursued in a civil action under 28 U.S.C. § 1331. However, the fact that Defendant brought his motion in the district court under Rule 41(g) does not defeat the district court's jurisdiction to hear a due process challenge. Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint. See Clark, 84 F.3d at 381 (citations omitted). As a result, the Court construes Defendant's Rule 41(g) motion liberally, as seeking to invoke the proper remedy.

No other response was received from Defendant, and the remaining items were destroyed according to DEA policy. Response at 2.

As in the case of the forfeiture of the money, Plaintiff did not offer any materials to back up its statements in its response. Therefore, Plaintiff will be required to do so in the supplemental briefing.

### IV.     Motion for Discovery

Defendant seeks discovery of documents relevant to the return of the property which is described above. The Court grants this motion partially, in that any discovery pertaining to Defendant's safe and wallet is moot in light of the Court's disposition of claims regarding that property. However, with regard to the miscellaneous items and the forfeited currency, the motion is granted within the bounds of this Order.

### V.      Motion for Evidentiary Hearing

The Court sees no need for an evidentiary hearing at this time. This motion is denied until such time as the Court considers a hearing necessary.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Return of Personal Property **(Doc. 50)** pertaining to the small safe and wallet are DENIED IN PART, and that those claims related to Defendant's small safe and wallet are DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that a ruling on Defendant's Motion for Return of Personal Property **(Doc. 50)** pertaining to miscellaneous items and forfeited currency is DEFERRED until the Court considers the merits of supplemental briefing on the issues;

**IT IS FURTHER ORDERED** that Plaintiff shall file supplemental briefing which

contains facts and supporting documentation and materials regarding:

(1) notices to Defendant of the administrative forfeiture proceeding;

(2) a listing of all items belonging to Defendant that were forfeited;

(3) finalization of the forfeiture;

(4) correspondence to Defendant or Defendant's mother regarding return of the miscellaneous items and any evidence supporting responses concerning same, including affidavits;

(5) DEA policy regarding destruction of evidence after return of property is attempted following seizure, referenced by Plaintiff on page 2 of the Response.  **The Government shall file the brief and accompanying materials <u>on or before Wednesday, August 17, 2005.</u> Defendant may file a responsive brief <u>on or before Wednesday, August 31, 2005</u>.**  Exhibits and materials submitted by the Government shall be numbered to correspond to the above list. The Court will rely on these briefs and materials to make a determination on the merits.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Discovery **(Doc. 53)** is hereby GRANTED IN PART AND DENIED IN PART;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidentiary Hearing **(Doc. 54)** is hereby DENIED AT THIS TIME;

**IT IS FINALLY ORDERED** that the Clerk of Court mail a copy of this Memorandum Opinion and Order to Defendant at the address which is provided by Defendant in the Motion for Return of Property, Doc. 50.

_____
UNITED STATES DISTRICT JUDGE