# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Criminal No. 02-1199 WJ

ELOY H. CASTANEDA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RETURN OF PERSONAL PROPERTY

THIS MATTER comes before the Court upon Defendant's Motion for Return of Personal Property, filed May 25, 2005 (**Doc. 50**).  Defendant claims that the Government failed to return certain property to him following his conviction upon a plea related to a drug charge.  This property includes a wallet and small safe, miscellaneous documents, and over $9,000 in U.S. currency.  On August 4, 2005, this Court entered a Memorandum Opinion and Order which denied Defendant's motion with regard to the return of a wallet and small safe.  The Order deferred ruling on that part of his claim regarding miscellaneous items and forfeited currency pending the submission of supplemental briefs (Doc. 56).

<u>Legal Standard</u>

        Defendant seeks return of certain property under Fed.R.Crim.P.41(g), which provides:

        A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P 41(g); Clymore v. United States, 2005 WL 1649195, n.1 (10th Cir. 2005).  Federal district courts have jurisdiction to review whether an administrative forfeiture satisfied due process and statutory requirements.  United States v. Clark, 84 F.3d 378, 381 (citing) U.S. v. Woodall,12 F.3d 791, 793 (8th Cir.1993))

The contested items fall into three categories: (1) forfeited items; (2) paperwork; and (3) abandoned items.[1]

**I.   Forfeited Items**

The Government forfeited $9,081.00 in currency[2] and a Jennings .22 caliber pistol at the time of his arrest.  This property was the subject of the administrative forfeiture proceedings by the Drug Enforcement Administration ("DEA") on August 18 and 29, 2002.   Notices of the intent to forfeit each of these items were sent by certified mail to Defendant (1) at his last known address of 1201 Apache Road, Carlsbad, New Mexico; (2) at his place of incarceration at the Dona Ana Detention Center in Las Cruces, New Mexico; and (3) to Defendant's counsel at the time at the Federal Public Defender's Office in Las Cruces.   The notices provided information regarding the specific property being forfeited and the manner in which Defendant could contest the forfeiture.  Submissions were to be filed with the Forfeiture Counsel of the DEA in *Quantico*, Virginia by July 10, 2002.  Correspondence sent "via private delivery" was to be sent to DEA Office of Domestic Operations in *Alexandria*, Virginia.  The notice also made clear that a claim

---

[1] The Government divides the items into these categories, and Defendant's briefs follows suit.  Defendant's underlying motion does not take issue with some of the items included in the Government's analysis, such as a Jennings .22 caliber pistol.  However, these items will be included in the Court's consideration since Plaintiff is incarcerated and is proceeding pro se.

[2] In his motion for return of property, Defendant contends that the amount seized from him was $9,089.00.

2

would be "deemed filed when actually received by the DEA Asset Forfeiture Section in *Arlington*, Virginia." The notices informed Defendant that the claim "shall . . . be made under oath . . . (referring to 18 .S.C. § 983(a)(2)(C)). Govt's Ex. 1.

Defendant never contested the forfeiture of the .22 caliber pistol, and did not attempt to contest the forfeiture of the currency until July 10, the day the deadline expired, when his attorney Albert Granger sent a letter to the DEA Asset Forfeiture Section in Alexandria, Virginia as well as the DEA office in Las Cruces. However, the Asset Forfeiture Section returned the letter to Mr. Granger, informing him that it did not receive the letter until July 16, 2002. In the letter, the Asset Forfeiture Section allowed the Defendant twenty additional days from receipt of the notice in which he could file a petition for Remission and/or Mitigation of the forfeiture. Deft's Ex. 7. DEA did not receive any additional correspondence from the Defendant regarding the forfeiture. On August 28, a Declaration of Forfeiture was entered as to the firearm, and on August 29th forfeiture as to the currency. Deft's Ex. 3.

Defendant's challenge to the forfeiture of this property fails. Defendant contends that he did not get notice, or if he did, he was unable to read it. This contention is belied by the fact that his counsel must have received it since he attempted to file a claim. Nor does Defendant's contention that he had several different attorneys render notice ineffective, since Mr. Granger, who became Defendant's attorney the day after the Government initially sent out the notices of forfeiture, filed the claim contesting the forfeiture of the money.

Also, Defendant's attempted claim was not valid. It was not made under oath; it was sent

to the wrong office and was not received until 6 days after the deadline.[3] Defendant did not follow up on his claim within the extension provided when the letter was returned -- until now, almost three years later.

For these reasons, Defendant's motion for return of the forfeited money or the Jennings .22 caliber pistol will be denied.

**II.     Paperwork**

Defendant also requests the return of miscellaneous paperwork seized from him at the time of his arrest.[4] In its response to Defendant's motion for return of property, the Government claimed that at the end of Defendant's criminal case, a letter was sent to him in care of his mother asking if Defendant wanted the remaining property to be returned. This letter purportedly stated that Defendant could pick the items up in person, have his attorney pick them up, or designate a third person to pick them up. According to the Government, the Defendant's mother contacted the DEA agent assigned to the case and said that she did not want the remaining items. No other response was received from Defendant, and the remaining items were destroyed according to DEA policy.

In the supplemental brief, the Government states that it has determined that the paperwork

---

[3] The Government has also filed an "Addendum" to the Supplemental Response which contains a Declaration of John J. Cipriano, Acting Forfeiture Counsel of the DEA and Exhibits 1-20. These describe and support in detail the steps taken by the Government regarding the forfeiture of the firearm and the currency, including notices sent and publication of the proposed forfeiture in the Wall Street Journal. Mr. Cipriano states that Mr. Granger's letter (spelled "Grainger" in the Declaration) found its way to the correct DEA office in Arlington only because the letter sent by Mr. Granger to the Las Cruces DEA was sent by facsimile to the Arlington office. Decl., ¶ (f).

[4] Defendant describes these items as miscellaneous tax forms and documents; personal and business documents; social security card and "other items."

4

belonging to Defendant was destroyed at the end of the case, prior to Defendant's mother being given the opportunity to retrieve his belongings.[5] I agree that it would be impractical for the Court to grant Defendant's motion to return the paperwork. However, the Government states that DEA copied all the paperwork seized during the Defendant's criminal case, and a copy of that paperwork was provided to Defendant's counsel during his case and was also kept in the U.S. Attorney's file. The Government represents that it has already sent another copy of all the paperwork directly to Defendant at his current place of incarceration on August 17, 2005, since Defendant may no longer be in contact with his former counsel. The Government's furnishing of these copies appears to moot Defendant's motion for return of these items for purposes of a Rule 41(g) motion.[6]

### III.   Abandoned Items

Two scales were seized from the Defendant at the time of his arrest. At the end of Defendant's criminal case, a letter was sent to Defendant's mother asking her whether she wished to pick up the scales, have Defendant's attorney pick them up, or designate a third person to do

---

[5] Counsel for the Government states that she was not aware at the time of the response that the paperwork had been destroyed without notice to the Defendant's mother.

[6] As the Government notes, should Defendant feel his rights have been violated nevertheless, he is free to file a tort claim against the DEA. To the extent that Defendant may seek money damages for failure to return the original items, Rule 41(g) does not provide for such damages, as has been determined by every Circuit that has considered the issue. See Adeleke v. United States, 355 F.3d 144, 150 (2nd Cir. 2004); Okoro v. Callaghan, 324 F.3d 488, 491 (7th Cir. 2003), cert. denied, 539 U.S. 910 (2003); United States v. Hall, 269 F.3d 940, 943 ( 8th Cir. 2001), cert. denied, 536 U.S. 942 (2002); United States v. Potes Ramirez, 260 F.3d 1310, 1315-16 (11th Cir. 2001); United States v. Jones, 225 F.3d 468, 470 (4th Cir. 2000), cert. denied, 532 U.S. 1053 (2001); United States v. Bein, 214 F.3d 408, 415 (3d Cir. 2000), cert. denied, 534 U.S. 943 (2001); Pena v. United States, 157 F.3d 984, 986 (5th Cir. 1998); see also McBean v. United States, 43 Fed.Appx. 853, 854 (6th Cir. 2002) (unpublished).

so.  Apparently these scales were the only items remaining which had not either been forfeited or destroyed by the time the letter was sent.   The Government's Exhibit 4 is a copy of the letter sent to Defendant in care of his mother.  Defendant's mother had written on the bottom of the letter sent back to the DEA:

> "I do not want the scale's [sic]
> Eloy Castaneda
> By mother
>         Eloy Castaneda (signature)

Exhibit 4 also includes a Declaration of Abandonment for the scales.  Thus, inasmuch as Defendant would seek the return of this property, these items were properly deemed abandoned by the Government.  For the above reasons, Defendant's motion for return of property for paperwork and miscellaneous items, including any items deemed abandoned by the Government, is denied.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Return of Personal Property (**Doc. 50**) is hereby DENIED for the reasons herein stated.

_____
UNITED STATES DISTRICT JUDGE